UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80750-CIV-MARRA

PRISCILLA MOYA; KELLY WRIGHT;
KELLEY R. ANDERSON; WILLEMAE
FRANKLIN; CYNTHIA K. OPTHOF;
MICHAEL P. DAVIS; PATRICIA FADOUL;
and DANIELLE ZICK-BELLOIS

    Plaintiffs,

vs.

DEPARTMENT OF EDUCATION,

    Defendant.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Defendant Department of Education's Motion to Dismiss (DE10), filed on August 29, 2011. The Court notes that Plaintiff has not filed a response to Defendant's motion and the time for filing a response is past due.[1] The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. Background

This matter involves a cause of action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). According to the allegations of the complaint, Plaintiffs Priscilla Moya, Kelly Wright, Kelley R. Anderson, Willemae Franklin, Cynthia K. Opthof, Michael P. Davis, Patricia Fadoul, and Danielle Zick-Bellois ("Plaintiffs")

---

[1] The Court also notes that it issued an Order on October 7, 2011, ordering Plaintiffs to file a response to Defendant's motion no later than October 17, 2011 (DE 11), to which no response was made.

served individual FOIA requests to the Defendant Department of Education over the course of three months earlier this year.  See Complaint at ¶ 29-36.  FOIA requires individual agencies to publish the mechanism for which members of the public can request information pursuant to that act.  See Complaint at ¶ 17.  The complaint alleges that the Defendant's published mechanism does not contain any requirement that a signature must be accompanied with a FOIA request that is submitted via e-mail or facsimile.  See Complaint at ¶ 18.

The complaint notes that on June 13, 2011, a representative of Defendant declared that the requests submitted by Plaintiffs Moya, Opthof, Franklin, Anderson, and Wright was insufficient because "the signature was not in a written or pen & ink."  See Complaint at ¶ 37.  The complaint further alleges that Defendants have failed to respond to the requests submitted by Plaintiffs Bellois, Fadoul, and Davis, in violation of 5 U.S.C. §§ 552 and C.F.R. §§ 5.20-5.21.  See Complaint at ¶ 39.  Plaintiffs asked this Court to: (1) order Defendants to deliver copies of the records set forth in the Complaint to Plaintiffs under the Court's authority derived from 5 U.S.C. § 552a(g)(1)(B); (2) award litigation costs and attorney's fees pursuant to 5 U.S.C. §§ 552a(a)(4)(E) and 552a(g)(3)(B); and (3) order the prohibition of all debt collection until Defendant complies with the aforementioned order.  See Complaint at ¶42 & ¶ A-B.

## II.  Legal Standard

For a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the

Court observes first that Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Discussion

Defendant moves to dismiss Plaintiffs complaint because it claims Plaintiffs have failed to fulfill the prerequisites for seeking relief under FOIA. Defendant asserts that

Plaintiffs sought records about themselves, rendering them subject to the restrictions of the Privacy Act of 1974 ("Privacy Act"). Defendant notes that, contrary to applicable federal regulations, Plaintiffs never alleged that they submitted anything in writing to confirm their identity, instead asserting that "there is no requirement published in the Federal Register regarding 'pen' or 'ink. . . .' " See Complaint at ¶ 38.

In its motion to dismiss, Defendant relies on 34 C.F.R. § 5.20(d), which states: "In compliance with the Privacy Act of 1974, as amended, 5 U.S.C. 552a, FOIA requests for agency records pertaining to the requester, a minor, or an individual who is legally incompetent must include verification of the requester's identity pursuant to 34 CFR 5b.5." Section § 5b.5(b)(ii) of Title 34 of the Code of Federal Regulations requires "an individual who does not make a request in person shall submit a notarized request to the responsible Department official to verify his identity or shall certify in his request that he is the individual who he claims to be and that he understands that the knowing and willful request for or acquisition of a record pertaining to an individual under false pretenses is a criminal offense under the Act subject to a $5,000 fine."

The Court agrees with Defendant that Plaintiffs allegations are legally insufficient to state a claim. Plaintiffs have failed to allege that they fulfilled the lawfully adopted federal regulations requiring that they "include verification of the requester's identity" before they sought relief under FOIA. Rather, Plaintiffs merely deny the existence of these published and lawfully adopted regulations. Plaintiffs mere denial of the existence

of this legal requirement does not suffice to state a valid claim.  Since Plaintiffs have failed to allege fulfillment of the requirements for obtaining FOIA relief, they have failed to state a valid cause of action. Hence, the Court **GRANTS** the Motion to Dismiss.

### IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Department of Education's Motion to Dismiss (DE 10) is **GRANTED**.

**DONE and ORDERED** in West Palm Beach, this 8th day of November, 2011.

KENNETH A. MARRA
United States District Judge